IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CR132 |
| | ) | |
| v. | ) | |
| | ) | |
| MATT McDERMOTT, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on defendant's motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Filing No. 119 and Filing No. 120). On June 25, 2013, the Court modified the defendant's term of probation by requiring that he spend up to 180 days in a Residential Reentry Center with the dates to be determined by the Probation Officer. Defendant appealed the modification of his sentence, and that appeal was denied.

Defendant entered a plea of guilty to an information on June 17, 2011. On September 28, 2011, Chief Judge Joseph F. Bataillon sentenced the defendant to a term of five years probation with special conditions. On March 2, 2012, a petition was filed alleging that the defendant was in violation of the terms of his probation. An amended petition for an offender under supervision was filed on May 16, 2012. A hearing was held on May 18, 2012, at which time the defendant denied the

allegations of the petition.  Judge Bataillon recused himself, and the case was reassigned to Senior Judge Lyle E. Strom.

On September 13, 2012, the defendant was returned to probation on the same terms and conditions as previously imposed by Judge Bataillon with two additional conditions which are not material at this time.  On March 26, 2013, an amended petition was filed alleging that defendant was in violation of the terms of his probation.  On May 30, 2013, a hearing was held at which time the Court found the defendant to be in violation of the terms of his probation.  On June 28, 2013, an order was entered modifying the terms of his probation requiring that he reside in a Residential Reentry Center in Hastings, Nebraska, for a period of 180 days, and if successfully completed, his probation would be terminated.

Defendant appealed this order to the United States Court of Appeals for the Eighth Circuit, and on December 23, 2013, the Eighth Circuit filed an opinion affirming the order of this Court.  On February 19, 2014, a further hearing was held by this Court.  The previous order of probation was modified to require that defendant report to Bristol Station on April 19, 2014, for a term of sixty days, at the conclusion of which he shall be returned to probation on the terms and conditions originally imposed by the Court.

The defendant has filed two motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Filing No. 119 and Filing No. 120).  In the motions, he seeks to set aside or correct his sentence.  This in effect is a rehash of the previous motion of defendant objecting to the terms and conditions of probation imposed by the Court.  It is not timely and it will be denied.  Accordingly,

IT IS ORDERED that both of defendant's motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 are denied.  Defendant shall comply with the Court's order of February 19, 2014 (Filing No. 118).

DATED this 18th day of April, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court