## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | **8:11CR132** |
| vs. | ) | |
| | ) | **ORDER** |
| MATT MCDERMOTT, | ) | |
| Defendant. | ) | |

Defendant Matt McDermott (McDermott) appeared before the court on April 24, 2013, on the Petition for Warrant or Summons for Offender Under Supervision (Petition) (Filing No. 122).  McDermott was present and was represented by Matthew D. Kahler and the United States was represented by Assistant U.S. Attorney Douglas R. Semisch.  Through his counsel, McDermott waived his right to a probable cause hearing on the Petition pursuant to Fed. R. Crim. P. 32.1(a)(1).  I find that the Petition alleges probable cause and that McDermott should be held to answer for a final dispositional hearing before Senior Judge Lyle E. Strom.

The government moved for detention. Through counsel, McDermott declined to present any evidence or request a hearing on the issue of detention.  Counsel did proffer that McDermott worked two jobs and left the Bristol Station to go to one of those jobs on April 19, 2014.  He further argued that McDermott was neither a flight risk nor a danger to the community. The court took judicial notice of the termination letter from Bristol Station and the U.S. Marshal's report of McDermott's arrest.  Since it is McDermott's burden under 18 U.S.C. § 3143 to establish by clear and convincing evidence that he is neither a flight risk nor a danger to the community, the court finds McDermott has failed to carry his burden and that McDermott should be detained pending a dispositional hearing before Senior Judge Strom.

**IT IS ORDERED**:

1.      A final dispositional hearing will be held before Senior Judge Lyle E. Strom in Courtroom No. 5, Third Floor, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska, **at 10:30 a.m. on April 30, 2014**.  Defendant must be present in person.

2.      Defendant Matt McDermott is committed to the custody of the Attorney General or his designated representative for confinement in a correctional facility;

3.      Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel; and

4.      Upon order of a United States court or upon request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 24th day of April, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge